IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


PHILLIP EUGENE PARMLEY                                              PETITIONER

v.                              Case No. 6:06-cv-6059

LARRY NORRIS, Director,                                            RESPONDENT
Arkansas Department of Correction


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, PHILLIP EUGENE PARMLEY, an inmate confined in the Grimes Unit of the

Arkansas Department of Corrections, filed this petition for writ of *a habeas corpus* pursuant to 28

U.S.C. § 2254 (1996).  The petition was referred for findings of fact, conclusions of law and

recommendations for the disposition of the case.

A.  **Procedural Background**[1]:

On February 26, 2004, Petitioner was convicted by a jury of possession of drug paraphernalia

with the intent to manufacture methamphetamine in the Circuit Court of Garland County, Arkansas.

Petitioner was sentenced to forty (40) year's imprisonment.   His conviction was affirmed by the

Arkansas Court of Appeals on March 23, 2005.  *See Parmley v. State*, CACR 04-692, 2005 WL

477853, at *1 (Ark. App. 2005).  On April 19, 2005, Petitioner filed a *pro se* Motion for Permission

to File a Belated Petition for Rehearing and a *pro se* Motion Requesting Belated Certification to the

Arkansas Supreme Court.  These motions were denied, respectively, on May 4, 2005, and May 26,

2005.

On August 11, 2005, he filed a petition for post-conviction relief pursuant to ARK. R. CRIM.

---

[1]The procedural background is taken from the Petition, Response to Petition, and the Court's Docket.

P. 37.1 in the Circuit Court of Garland County, Arkansas.  This Rule 37.1  petition alleged the following:  (1) the Petitioner did not receive a fair trial due to the state use of fabricated evidence, (2) the evidence was seized in violation of the 4th Amendment, (3) the Petitioner's counsel was ineffective at the suppression hearing, (4) the Petitioner's counsel was ineffective assistance on the direct appeal, and (5) the State violated *Brady v. Maryland*. This post-conviction petition was dismissed, and Petitioner then appealed to the Arkansas Supreme Court.  The Arkansas Supreme Court held that the Rule 37.1 petition filed in the state trial court was "not timely filed" and dismissed the appeal.  *See Parmley v. State*, CR 06-204, 2006 WL 1166419, at *1 (Ark. 2006).

**B.  Current Petition**:

On September 28, 2006[2], Petitioner filed the instant Petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 in this Court.  He raises two claims for relief.  Petitioner alleges he was denied effective assistance of counsel at his trial and that the state withheld impeachment evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).   Petitioner alleges the last state court action was the Arkansas Supreme Court decision dismissing his state post-conviction proceeding on April 27, 2006.  The Respondent asserts that the claims in the Petition are time barred by 28 U.S.C. §2244(d)(1)(A).

**C.  Discussion**:

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law.  The law made several changes to the federal *habeas corpus* statutes, including the addition of a one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).  The

---

[2]The Petition was signed on September 28, 2006, and the Court assumes without deciding that the same was placed in the prison mail system on that date.

AEPDA provides that the one-year limitations period shall run from the latest of four possible situations. Section 2244(d)(1)(A) specifies that the limitations period shall run from the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review. Section 2244(d)(1)(B) specifies that the limitations period shall run from the date an impediment to filing created by the State is removed. Section 2244(d)(1)(C) specifies that the limitations period shall run from the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Section 2244(d)(1)(D) states that the limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Section 2244(d)(2) also provides that the time during which a "properly filed application" for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. The United States Court of Appeals for the Eighth Circuit has also held that "the one-year period is equitably tolled when 'extraordinary circumstances' have made it impossible for the *habeas* petitioner to file a timely federal petition." *Gray v. Gammon*, 283 F.3d 917, 918 (8th Cir. 2002).

**1. One-year Statute of Limitations**: The relevant triggering date for the one-year statute of limitations in this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). The Eighth Circuit has held that running of the statute of limitations imposed by §2244(d)(1)(A) is triggered by:

> either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct

criminal appeals in the state system followed by the expiration of the time allotted
for filing a petition for the writ.

*Nichols v. Bowersox*, 172 F.3d 1068, 1072 (8ᵗʰ Cir. 1999) *quoting Smith v. Bowersox*, 159 F.3d 345,

348 (8ᵗʰ Cir. 1998).

In the present case, the Petitioner did not file a petition for a writ of certiorari in the United

States Supreme Court.   The date on which the judgment became final within the meaning of §

2244(d)(1)(A) is determined by the conclusion of his direct criminal appeal in the state system

followed by the expiration of the time allotted for filing a petition for the writ of certiorari.   *See*

*Nichols,* 172 F.3d at 1072.   Thus, Petitioner's state court judgment became final under §

2244(d)(1)(A) upon the expiration of his time to file a petition for a writ of certiorari.  Assuming

Petitioner's state court conviction became final on March 22, 2005, the date of the appellate mandate

from the Arkansas Court of Appeals.  (Docket # 7, ex. 5).  The one-year limitations period began to

run 90 days later[3], or on June 20, 2005.   Petitioner filed the pending Section 2254 Petition on

September 28, 2006, more than one year after his conviction became final.[4]   Accordingly, the

Petition is time-barred unless some tolling provision applies.

**2.  Statutory Tolling of the One-Year Limitation Period**:   Section 2244(d)(2) provides

that the time during which a "properly filed application" for State post-conviction review with

---

[3]*See* Sup. Ct. R. 13(1).   Rule 13(1) requires the petition for writ to be filed with 90 days of the date of an order denying relief from the "state court of last resort," here the Arkansas Supreme Court.  Petitioner did not successfully petition the Arkansas Supreme Court for discretionary review.

[4]The Court notes the Petitioner did not timely seek discretionary review with the Arkansas Supreme Court.  His motion for belated certification to the Arkansas Supreme Court was denied as untimely on May 26, 2005.  (Docket # 7, ex. 7).  Even if the Court assumes the May 26, 2005, date as the date his conviction became final by "direct review" the one-year limitations period began to run on August 23, 2005, and the Section 2254 Petition filed September 28, 2006, is untimely.

respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. Petitioner filed his petition for post-conviction relief pursuant to ARK. R. CRIM. P. 37.1 on August 11, 2005.   This petition was dismissed by the trial court and held untimely by the Arkansas Supreme Court on April 26, 2006.   *See* (Docket # 7, ex. 8); *Parmley v. State*, CR 06-204 (Ark. 2006).   The United States Supreme Court has addressed this precise issue and determined that "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).    The Eighth Circuit has followed *Pace*, holding that an untimely filed Rule 37 petition in Arkansas state court did not toll the AEDPA's one-year statute of limitations. *See Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006)("We hold Walker did not properly file his Rule 37 petition within the meaning of section 2244(d)(2), and accordingly, Walker's Rule 37 petition did not toll the AEDPA's one-year statute of limitations.").   Section 2244(d)(2) is inapplicable to the Petition in this case.

     **3.  Equitable Tolling of the One-Year Limitation Period**:   While Petitioner does not expressly raise the issue of equitable tolling of the one-year statute of limitations, the Court will address the issue.  It is settled in the Eighth Circuit that the one-year statute of limitations in § 2244(d) is subject to the doctrine of equitable tolling.   *See Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001).    However, equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.  *See Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001),  *see, e.g., Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003), *quoting Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), *cert. denied*, 537 U.S. 1236 (2003)("[A]ny invocation of equity to relieve the strict application of a statute of limitations must

be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.").

Here Petitioner raises no "extraordinary" circumstances.   In fact the record shows that at all times relevant to his state post-conviction proceeding Petitioner was in control of the circumstances. He offers no explanation for his failure to timely file the Rule 37 petition or his failure to properly seek review before the Arkansas Supreme Court.   Equitable tolling is inapplicable in this case.

 **D.  Conclusion**:

Petitioner's conviction became final on March 22, 2005.   The one-year statute of limitations of § 2244(d)(1)(A) began to run on June 20, 2005.  Petitioner had until June 20, 2006 in which to file his Petition for Writ of *Habeas Corpus* in this Court.  He failed to file the instant Petition until September 28, 2006.   Neither the statutory tolling provisions of §2244(d)(2) nor equitable tolling operate to extend the one-year statue of limitations.

**E.  Recommendation**:

Accordingly, based on the foregoing, it is recommended that the instant Petition be denied as untimely and dismissed with prejudice.[5]

**The parties have ten (10) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the**

---

[5]  "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart, 726 F.2d 1316, 1318-19 (8th Cir.1984).*

**district court.**  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

      **DATED** this **4th** day of April, 2007.


           /s/ Barry A. Bryant
           HON. BARRY A. BRYANT
           U.S. MAGISTRATE JUDGE